UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

KAREEMA BAKSH,

     Plaintiff,

v.

NCL (BAHAMAS) LTD., A BERMUDA
COMPANY,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KAREEMA BAKSH, (hereinafter "KAREEMA BAKSH") by and through her undersigned counsel, and files her Complaint suing the Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY (hereinafter "NCL") states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.     Plaintiff, KAREEMA BAKSH, was and is a citizen and resident of the state of Florida.

2.     Defendant, NCL, is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida, providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the *Norwegian Joy*.

3.     Admiralty jurisdiction exists pursuant to 28 U.S.C. §1333.

4.     At all material times, Defendant, NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that personal jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

5. At all material times, the Defendant, NCL, has engaged in the business of operating maritime cruise vessels for fare-paying passengers, including the Plaintiff.

6. In the operative ticket contract, the Defendant requires fare-paying passengers such as the Plaintiff, to bring any lawsuit against the Defendant, NCL, arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

7. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

8. Plaintiff has complied with all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. At all material times, the Defendant, NCL, has engaged in the business of operating cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Norwegian Joy* (herein the "subject vessel").

10. At all material times, Defendant operated, managed, maintained and were in exclusive control of the *Norwegian Joy*.

11. At all material times, including the injury date of November 20, 2024, Plaintiff was a fare paying passenger aboard the subject vessel and in that capacity was lawfully present aboard the vessel.

12. On, or about, November 20, 2024, Plaintiff stepped onto a section of polished, hard flooring located on Deck Six (6) (herein the "subject area").

13. Almost immediately, the surface caused her to trip and fall due to an unnatural grip and/or foreign transitory substance that caused the sole of her shoe to become stuck. Suddenly, and without warning, Plaintiff tripped and fell.

14.     Upon information and belief, the lack of proper coefficient of friction was caused, in part, by a chemical treatment, or foreign transitory substance, which offered improper traction and/or defective resistance.

15.     As a result of the subject incident, Plaintiff was propelled forward, ultimately falling face-down with considerable force.

16.     Unknown to Plaintiff, the subject floor contained a dangerous and/or defective condition including, upon information and belief, a foreign transitory substance, and an unsafe coefficient of friction.

17.     The dangerous and/or defective condition was not open and obvious to the Plaintiff.

18.     As a result of the fall, Plaintiff suffered severe bodily injuries.

19.     At all times relevant herein Defendant NCL, in an effort to entice the public and persuade and convince prospective passengers to purchase its cruises made representations in its literature, advertisement and promotional materials, including, the information found on NCL's Safety and Security FAQ[1], stating that: "Norwegian Cruise Line adheres to the highest standard of shipbuilding in the world. All our ships meet the most current SOLAS specifications. Our ships also pass annual government safety and sanitation inspections."

20.     Plaintiff contends that NCL knows that trip and fall incidents frequently occur, particularly the main and/or atrium portion of Deck 6, as well as other areas frequented by cruise ship passengers.

21.     Plaintiff contends that Defendant regularly conducts coefficient of friction testing and maintains coefficient of friction rating tables to ensure that the flooring in the subject area(s) is safe for passengers use.

---

[1] See Norwegian Cruise Line Website, "How about safety and security?", https://www.ncl.com/fr/en/cruise-faq/security, (visited February 8, 2026).

22.     It is under Plaintiff's good faith understanding and belief that the Defendant conducts inspections of the subject area with such regularity that with reasonable care the Defendant would have discovered the defect in time to fix it or warn about it. Therefore, the Defendant had either constructive notice of the defect or actual notice of the defect and failed to remedy same.

23.     Prior to the incident, there was no warning to Plaintiff, or other passengers, of the defective condition in the subject area.

24.     Defendant knows that the subject areas are high traffic areas with many passengers using the areas from cruise to cruise, and are therefore subject to significant wear and tear.

25.     Because Defendant knows this, Defendant also knows that it must regularly inspect decks and the surrounding areas to ensure that all decks are in a safe condition and fit for use by its passengers.

26.     Defendant also knows that its employees must provide adequate maintenance to exterior decks, and frequent inspections and promptly clean and/or repair deck surfaces that are unsafe or unfit for passenger use to prevent passengers from becoming injured.

27.     Prior to the subject incident, Defendant knew and/or should have known of the dangerous condition(s) outlined above for reasons that include, but were not limited to:

   a.  Prior to and/or at the time of Plaintiff's incident, outlined above, Defendant's crewmembers were within a close distance to the subject area and/or were actively monitoring same for hazards;

   b.  Prior to and/or at the time of Plaintiff's incident, given Defendant's policies and procedures, Defendant should have observed the dangerous condition(s) outlined

above which caused the Plaintiff's injuries, but did not take appropriate remedial measures to prevent the Plaintiff's incident; and/or

c. Prior to and/or at the time of Plaintiff's incident, outlined above, Defendant had installed video cameras to monitor the subject area, and had Defendant reasonably monitored the subject area via those cameras, Defendant did observe and/or would have observed the dangerous condition(s) outlined above which caused the Plaintiff's injuries, but Defendant did not take timely and appropriate remedial measures to prevent the Plaintiff's incident.

28.    Defendant is on notice of numerous prior substantially similar incidents involving passengers suffering injuries due to dangerous and/or defective floor surfaces on the subject vessel and/or other vessel within its fleet including, but not limited to:

a. On, or about, April 21, 2024, a passenger onboard the Norwegian Breakaway tripped and fell in the atrium area of Deck 6. See *Jung v. NCL (BAHAMAS) Ltd.*, Case No.: 2025-cv-21328;

b. On, or about, February 22, 2024, a passenger onboard the Norwegian Pride of America tripped and fell on the marble-like flooring in the Atrium area. See *Carroll v. NCL (BAHAMAS) Ltd.*, Case No.: 2025-cv-21653;

c. On, or about, December 24, 2023, a passenger onboard the Norwegian Epic tripped and fell on Deck 6. See *Cheek v. NCL (BAHAMAS) Ltd.*, Case No.: 2024-cv-25032;

d. On, or about, December 9, 2021[2], a passenger onboard the Norwegian Prima tripped and fell "when Plaintiff's foot got stuck in a dirty, sticky liquid and/or some other

---

[2] The operative complaint filed on March 22, 2023, lists several dates including December 9, 2021, December 30, 2021, among others. See *Orchier v. NCL Bahamas LTD et al*, Case No.: 2023-cv-21137, (S.D. Fla March 22, 2023).

foreign transitory substance on the floor and fell to the ground." *See Orchier v. NCL Bahamas LTD et al, Case No.: 2023-cv-21137.*

<u>**COUNT 1**</u>
<u>**NEGLIGENT MAINTENANCE AND INSPECTION AS TO DEFENDANT**</u>

Plaintiff re-alleges all allegations pled in paragraphs one (1) through twenty-eight (28) above as if alleged fully herein.

29.     At all material times, including the injury date of November 20, 2024, the subject vessel was owned, operated, or controlled by Defendant.

30.     At all material times, Defendant, owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain and inspect the subject area where Plaintiff was injured, in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew. Furthermore, Defendant, NCL, owed a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain and inspect subject area where Plaintiff was injured in a reasonably safe condition.

31.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care, under the circumstances, to maintain and inspect the subject area, to Plaintiff through the following acts and/or omissions:

    a.   Failure to maintain the subject area in a reasonably safe condition;

    b.   Failure to reasonably maintain the subject area free of trip-and-fall hazards such as sticky, high traction, and/or foreign transitory substances;

    c.   Failure to reasonably clean and/or dry the subject area so as to reasonably maintain it in a reasonably clean and/or dry and/or non-sticky condition;

d.  Failure to adequately and/or regularly maintain the subject area to keep it free of dirty and/or sticky foreign substances and/or conditions;

e.  Failure to adequately inspect the area where Plaintiff's incident occurred for hazards;

f.  Failure to adequately, timely, and regularly inspect and maintain the subject flooring surface in a reasonably safe condition, including, but not limited to, maintaining a safe coefficient of friction; and/or

g.  Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject flooring surface in a reasonably safe condition.

32.  At all material times, NCL knew or should have known, in the exercise of reasonable care, of the dangerous condition of subject area as referenced above.

33.  Defendant has actual and/or constructive notice that subject area become sticky, high traction, and therefore unreasonably dangerous.

34.  Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior slip/trip and fall instances on the same or similarly configured areas, the recurring nature of the dangerous conditions at subject area, and the length of time the area had been in an unsafe condition before the Plaintiff was injured, a length of time sufficient to invite corrective measures.

35.  Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the subject area where Plaintiff fell, Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the subject area's flooring, in a reasonably safe condition by correcting its dangerous condition, by closing the area to fare-paying passengers. Alternatively, repairing the defect that caused the Plaintiff's fall and subsequent injuries.

Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

36. As a direct and proximate result of Defendant's negligence as described above, the Plaintiff fell and thereby sustained and will continue in the future to sustain the damages alleged above.

37. As a direct and proximate result of the event described above, Plaintiff was injured in and about his body and extremities. Plaintiff suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of these injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged incident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**COUNT 2**
**NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT**

Plaintiff re-alleges all allegations pled in paragraphs one (1) through twenty-eight (28) above as if alleged fully herein.

38. At all material times, including the injury date of November 20, 2024, the subject vessel was owned, operated, or controlled by Defendant.

39.     At all material times, Defendant, owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to warn passenger, such as Plaintiff, that the subject area where Plaintiff was injured, was not in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew. Furthermore, Defendant, NCL, owed a duty of reasonable care under the circumstances, including the duty to warn that the subject area where Plaintiff was injured was not in a reasonably safe condition.

40.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to warn Plaintiff through the following acts and/or omissions:

a. Failure to warn the Plaintiff that the subject area and/or flooring was unreasonably dangerous;

b. Failure to warn the Plaintiff of the risks and/or dangers associated with the sticky, high traction and/or dirty foreign substance and/or deck surface conditions in the subject area;

c. Failure to warn passengers and the Plaintiff of other trip and fall accidents which previously occurred in the same area and/or the same foreign substances onboard vessels within its fleet; and/or

d. Failure to sufficiently warn the Plaintiff of the risks and/or dangers associated with the dirty and/or sticky flooring surface in the subject area, including but not limited to the hazardous co-efficient of friction of that flooring surface, especially in view of the dirty, and/or sticky foreign substance on and/or condition of the flooring surface.

41. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have utilized the subject area had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

42. At all times material hereto, the subject area was unreasonably dangerous.

43. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

44. This dangerous condition was also known to the Defendant because it trains its crew in the proper inspection of the subject area including the need to identify, recognize and remedy these dangerous conditions.

45. At all times material hereto, it was the duty of Defendant, under the circumstances, to warn passengers, such as Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, such as Plaintiff, are invited to or may reasonably be expected to visit.

46. As a direct and proximate result of Defendant's negligence as described above, the Plaintiff fell and thereby sustained and will continue in the future to sustain the damages alleged above.

47. As a direct and proximate result of the event described above, Plaintiff was injured in and about his body and extremities. Plaintiff suffered pain therefrom, mental anguish,

disfigurement, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of these injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged incident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT 3
## NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges all allegations pled in paragraphs one (1) through twenty eight (28) above as if alleged fully herein.

48.     At all material times, including the injury date of November 20, 2024, the subject vessel was owned, operated, or controlled by Defendant.

49.     At all material times, Defendant, owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including to ensure that the subject area where Plaintiff was injured, was in a reasonably safe condition and free of conditions that could cause injury to the passengers and crew.

50.     Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

a. Failure to close off the areas that contained the hazardous condition in the subject area and/or deck surface;

b. Failure to correct the hazardous conditions following other accidents on vessels within its fleet;

c. Failure to prevent other passengers from using the subject area in an improper manner;

d. Failure in preventing other passengers from misusing an egress and/or ingress point as a walkway area causing a dangerous condition to occur;

e. Failure to adequately test the subject area, including periodic coefficient of friction testing, to determine whether these high traffic area floors are maintained with sufficient and safe coefficient of friction, before permitting passengers and the Plaintiff to use it;

f. Failure to provide and/or utilize a reasonably safe walking/flooring surface in light of the anticipated use of the subject area;

g. Failure to utilize a reasonably safe flooring surface for the subject area in light of the anticipated purpose of the subject area; and/or

h. Failure to have a safe flooring surface on/around the subject area.

51. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

52. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them

and corrected them. This knowledge was or should have been acquired through Defendant's maintenance, monitoring and/or inspections of the subject area including through prior incidents involving passengers injured due to fall accidents on Defendant's vessels and/or other vessels reported within the cruise industry.

53. As a direct and proximate result of Defendant's negligence as described above, the Plaintiff fell and thereby sustained and will continue in the future to sustain the damages alleged above.

54. As a direct and proximate result of the event described above, Plaintiff was injured in and about his body and extremities. Plaintiff suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses as a result of these injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged incident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of all issues so triable of right.

Submitted this 19th of February, 2026.

MORGAN AND MORGAN
Attorney for Plaintiff
703 NW 62nd Ave. Ste. 1000
Miami, FL 33126
T: (305) 929-1900
louis.holzberg@forthepeople.com
karla.pena@forthepeople.com

BY:*/s/Louis M. Holzberg*
    LOUIS HOLZBERG, ESQ.
    FLORIDA BAR NO: 1011340